**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-21199-JEM/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD VITO, JAMES ELEBY,
AND GERALD VITO LLC d/b/a
INCOME TAX SERVICES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT ELEBY'S MOTION TO VACATE OR, IN THE ALTERNATIVE, SET ASIDE DEFAULT JUDGMENT OF PERMANENT INJUNCTION**

**THIS CAUSE** came before the Court on Defendant Eleby's Motion to Vacate Or, In the Alternative, Set Aside Default Judgment of Permanent Injunction (the "Motion to Vacate"), ECF No. [13]. Plaintiff, the United States of America (the "Government") filed a Response, ECF No. [40], and Defendant James Eleby filed a Reply, ECF No. [43]. The Court held a hearing in this matter on November 4, 2022, during which Defendant Eleby testified and the Government and Defendant Eleby provided oral argument (the "Hearing"). ECF No. [50].[2] For the reasons stated

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned "to take all necessary and proper action as required by law with respect to any and all post-judgment matters, including the Motion to Vacate[.]" ECF No. 22.

[2] The Motion to Vacate was filed by all Defendants. However, Defendants' Counsel filed a Motion to Withdraw as Counsel for Defendants Gerald Vito and Gerald Vito LLC, ECF No. [26], which the Court granted, ECF Nos. [29], [30]. Defendants Vito and Gerald Vito LLC did not file any reply to the Motion to Vacate. Because Defendant Vito is proceeding *pro se* and does not have an address listed on CM/ECF, the Court proceeded with a hearing on the Motion to Vacate *only* as to Defendant Eleby on November 4, 2022. The undersigned held a Zoom hearing on the Motion to Vacate as to Defendant Vito on December 1, 2022, which he attended. Accordingly, the

below and at the Hearing, the undersigned hereby **RECOMMENDS** that the Motion as to Defendant Eleby be **DENIED**.

## I.     BACKGROUND

The United States (the "Government") initiated this action on March 29, 2021, seeking to permanently enjoin Defendants, including Defendant Eleby, from preparing federal income tax returns for others, under I.R.C. §§ 7407, 7408, and 7402, alleging violations of several provisions of the Internal Revenue Code.  *See* ECF No. [1].  Following Defendants' failure to answer or otherwise respond to the Complaint, after proper notice, the Government filed its Motion for Entry of Default, arguing that Defendant Eleby was personally served by a process server on June 26, 2021, "despite Mr. Eleby's attempts to conceal his whereabouts and his identity" and his "refus[al] to confirm his identity[.]"  ECF No. [6] at 2.  The Clerk of Court subsequently entered a Clerk's Default against Defendant.  ECF No. [7].  The Government thereafter filed its Motion for Default Judgment against Defendants.  ECF No. [10].

On December 27, 2021, the Court granted the Government's Motion for Default Judgment and entered the Default Judgment of Permanent Injunction (the "Default Judgment").  ECF No. [12].  Among other things, the Default Judgment enjoined Defendants, including Defendant Eleby, from engaging in activity related to the filing of tax returns on behalf of others.  *See id.*

## II.    THE INSTANT MOTION

Defendant Eleby moves for an order vacating or setting aside the Court's Default Judgment.  ECF No. [13].  Defendant Eleby argues that "the Government failed to act with diligence to properly obtain service on [him], and more importantly, [Defendant Eleby] never

---

undersigned hereby sets forth the below recommendation on the Motion to Vacate as to Defendant Eleby, ***only***.  The undersigned will issue a separate Report and Recommendation as to Defendants Vito and Gerald Vito LLC.

evaded service" but rather was "in direct communication with the IRS during the entire time the process servers were trying to serve Eleby[.]" *Id.* at 2.  According to Defendant Eleby, the Government could have easily obtained—including by asking the IRS—two alternative addresses for Defendant Eleby where he "[could have been] located at and served." *Id.* at 3.  Moreover, Defendant Eleby challenges the process server's claimed verification of his identity, arguing that the process server alleges Defendant Eleby was driving in "sedan style vehicles" whereas Defendant Eleby "drives a Cadillac Escalade . . . likely because he is a very large man and would not fit in either [of] the sedan style vehicles which the process server identified in his affidavit of service." *Id.* at 3.

Defendant argues that the Default Judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b), which "states that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . . . (6) any other reason that justifies relief." *Id.* at 5 (citing Fed. R. Civ. P. 60(b)).  Defendant Eleby argues that the Default Judgment is void because of insufficient services of process, such that it should be vacated under Rule 60(b)(4).  *Id.*  Alternatively, Defendant Eleby argues the default should be vacated pursuant to Federal Rule of Civil Procedure 55(c).  *Id.* at 7.  Defendant Eleby contends the Default Judgment is "extremely prejudicial" and seeks to have the Default Judgment vacated so that "this matter [may be] fully adjudicated on the merits, which is favored over a Default Judgment enjoining Defendants from operating their business." *Id.* at 7–8.

In its Response, the Government contends that "there is no reasonable dispute that James Eleby was personally served." ECF No. [40] at 1.  According to the Government, the affidavit of process server Jose Mejia demonstrates that Defendant was personally served when Mr. Mejia

3

handed Defendant Eleby the service documents, as the affidavit has a presumption of validity, which Defendant Eleby fails to refute by "strong and convincing evidence." *Id.* at 4.

First, the Government argues that Defendant Eleby fails to refute the presumption because he does not affirmatively state he was not served, but rather simply argues he "is too large an individual to fit into the automobile Mr. Mejia described in his affidavit." *Id.* Second, the Government contends that it had no obligation to search for Mr. Eleby's multiple addresses, because "[i]t is only required to serve Mr. Eleby in a judicial district of the Unites States, Fed. R. Civ. P. 4(e), which it did." *Id.* Third, the Government argues that Defendant Eleby improperly supplemented his Motion to Vacate by filing a supplemental affidavit of an investigator, without leave of the Court, "more than eleven weeks after the Motion to Vacate was filed[.]" *Id.* at 5. The Government contends that "the affidavit appears to be part of a deliberate attempt by Mr. Eleby to hinder the United States' attempts to conduct full discovery on the relevant jurisdictional issues." *Id.* The Government argues that the affidavit is inadmissible hearsay, but even if it was admissible, would not change the Court's analysis because the fact that the investigator "could not locate a witness to say that Mr. Eleby lived at, or visited, the residence at 1460 NW 92nd Street—has no probative value" as whether the investigator "could locate a witness to say that Mr. Eleby visited the address does not mean Mr. Eleby was not there." *Id.* at 6. Finally, the Government notes that Mr. Mejia identified Defendant Eleby based on photographs from his Facebook page, and Defendant Eleby confirmed at his deposition that the photographs were in fact photographs of him, that are indeed on his Facebook. *Id.* at 6–7.

In his Reply, Defendant Eleby maintains that he is entitled to a vacatur of the Default Judgment under Rule 60(b) because he did not receive actual notice of the proceeding such that the Default Judgment is void. *See* ECF No. [43] at 1–2. Defendant Eleby contends that he did in

4

fact testify at the deposition that he had not been served. *Id.* at 3. Additionally, Defendant Eleby argues that "[n]either the United States or Mr. Mejia have provided the photographs Mr. Mejia allegedly took of Defendant [Eleby] or the tag of the vehicle he claims to have seen Defendant [Eleby] exit" even though the Government could have chosen to ask Defendant Eleby about the photos at his deposition. *See id.* at 3–4. According to Defendant Eleby, "Mr. Mejia is not credible or reliable and the Court should give no weight to his declaration." *Id.* at 4. As to the supplemental affidavit of the investigator, Mr. Guadarrama, that Defendant Eleby submitted, Defendant Eleby contends that the affidavit may be submitted with a reply, so he includes the affidavit with his Reply. *Id.* (citing S.D. Fla. L.R. 7.1(c)(1)). In response to the Government's argument that the affidavit is self-serving, he argues that the same could be said of Mr. Mejia's declaration that the Government submitted. *Id.*

### III. THE EVIDENTIARY HEARING

At the Hearing, Defendant Eleby testified that he was never served by Mr. Mejia, the process server, and that the never lived at 1460 NW 92nd Street in Miami, Florida, the address where Mr. Mejia attests to have served Defendant (the "Service Address"). According to Defendant Eleby, he was living in Davie at the time that the Government attempted service, as opposed to the Service Address in Miami. *See* ECF No. [6-1]. He testified that that the Service Address is the home of his daughter's aunt, and that his daughter has not visited her aunt in the past several years, as they do not maintain communication. Defendant Eleby acknowledged that his driver's license lists the Service Address and that he registered various vehicles with that address from 2013 to 2018. He testified that he had listed the Service Address since a flood occurred in his house that needed repairs, which occurred more than five years ago.

The undersigned finds that Defendant Eleby's testimony is not credible. First, the Service Address is one that is associated with Defendant—it is the home of his daughter's aunt, and he testified that he previously received mail there. The undersigned is not persuaded by Defendant Eleby's testimony that he has not visited that residence in years. Second, there were various inconsistencies in Defendant Eleby's testimony. For instance, Defendant Eleby initially testified in his deposition that he had Home Depot surveillance to show that he was at Home Depot at the time of service. However, at the Hearing, Defendant Eleby testified that he was at his home the entire day on the date that Mr. Mejia attests he served Defendant Eleby. According to Defendant Eleby, he looked at his Ring camera footage a week prior to the Hearing and it showed that he was home all day, but he did not mention this piece of evidence to his attorney and did not bring the footage to the Hearing. The undersigned does not find it credible that Defendant Eleby would elect not to tell his attorney about this evidence, if he in fact had such evidence. Additionally, the undersigned finds that Defendant's testimony that he is always the designated driver, does not take rides with other individuals, and does not drive a sedan-size vehicle is merely conclusory and exaggerated.

## IV.     ANALYSIS

As an initial matter, the Court notes that Defendant moves for vacatur of the Default Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 55(c). However, Rule 55(c) applies only to vacating entries of default, not final default judgments. *Friedman v. Schiano*, No. 16-cv-81975, 2017 WL 11487874, at *3 (S.D. Fla. Nov. 14, 2017), *aff'd*, 777 F. App'x 324 (11th Cir. 2019) ("Rule 55(c) is the vehicle for vacating entries of default: the proper rule for vacating final default judgments is Rule 60(b)."). Because final Default Judgment has already been entered

in this case, ECF No. [12], Defendant may only seek to vacate the Default Judgment pursuant to Rule 60(b).

Pursuant to Federal Rule of Civil Procedure 60(b)(4), relief from a final judgment is required if a court finds the judgment void. *Friedman*, 2017 WL 11487874, at *2; *see also Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015) ("When evaluating a Rule 60(b)(4) motion, the district court possesses no discretion: the judgment is either void or it is not.") (citation and quotations omitted). "The burden of proof in a Rule 60(b)(4) motion rests with the defendant." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298–99 (11th Cir. 2003) (citing *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir.1974)). In general, a judgment is void "under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Friedman*, 2017 WL 11487874, at *3. This includes instances "where service of process is insufficient[.]" *Id.*; *see also In re Worldwide Web*, 328 F.3d at 1299 ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). Where a plaintiff establishes valid service of process, the burden then shifts to the defendant "to establish by clear and convincing evidence" that service was not effectuated properly. *See Friedman*, 2017 WL 11487874, at *5.

Here, the Court already found that Defendants were given proper notice of this action. ECF No. [12] at 1. Because the undersigned finds that his testimony was not credible, Defendant Eleby fails to demonstrate by clear and convincing evidence that service was not effectuated. Indeed, the Government has presented a "certified return of service" and "Defendant [Eleby] presents no evidence, apart from h[is] self-serving statements, showing that [h]e was not served. In the absence of any corroborating evidence to support h[is] claim of insufficient service of process and in light

of the documented proof of service, the Court finds it highly doubtful that service of process was somehow improper or defective." *See United States v. Brown*, No. 00-cv-8780, 2009 WL 10712495, at *3 (S.D. Fla. Nov. 19, 2009), *report and recommendation adopted*, No. 00-cv-08780, 2010 WL 55469 (S.D. Fla. Jan. 7, 2010). Accordingly, Defendant Eleby has failed to meet his burden to demonstrate that the Default Judgment is void.

## V. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that as to Defendant Eleby *only*, the Motion to Vacate, ECF No. [13], be **DENIED**.

## VI. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE