**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-21199-JEM/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD VITO, JAMES ELEBY,
And GERALD VITO LLC d/b/a INCOME
TAX SERVICES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT VITO'S AND GERALD VITO LLC'S MOTION TO VACATE OR, IN THE ALTERNATIVE, SET ASIDE DEFAULT JUDGMENT OF PERMANENT INJUNCTION**

**THIS CAUSE** came before the Court on Defendant Gerald Vito's ("Defendant Vito") and Gerald Vito LLC's Motion to Vacate Or, In the Alternative, Set Aside Default Judgment of Permanent Injunction (the "Motion to Vacate"), ECF No. [13]. Plaintiff, the United States of America (the "Government") filed a Response, ECF No. [40]. Defendant Vito and Gerald Vito LLC did not file a reply.[2] For the reasons stated below, the undersigned hereby **RECOMMENDS** that the Motion as to Defendant Vito and Defendant Gerald Vito LLC be **DENIED**.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned "to take all necessary and proper action as required by law with respect to any and all post-judgment matters, including the Motion to Vacate[.]" ECF No. 22.

[2] The Motion to Vacate was filed by all Defendants. However, Defendants' Counsel filed a Motion to Withdraw as Counsel for Defendants Gerald Vito and Gerald Vito LLC, ECF No. [26], which the Court granted, ECF Nos. [29], [30]. The Court ordered Defendant Gerald Vito LLC to obtain new counsel by July 19, 2022, advising that "[f]ailure to comply with this Order SHALL result in this Court immediately entering default final judgment against Defendant Gerald Vito

1

I.     BACKGROUND

The United States (the "Government") initiated this action on March 29, 2021, seeking to permanently enjoin Defendants, including Defendant Vito, from preparing federal income tax returns for others, under I.R.C. §§ 7407, 7408, and 7402, alleging violations of several provisions of the Internal Revenue Code. *See* ECF No. [1]. Following Defendants' failure to answer or otherwise respond to the Complaint, after proper notice, the Government filed its Motion for Entry of Default, arguing that "service was effectuated upon Mr. Vito" despite the fact that, "as shown by the returns of service, Mr. Vito has continually and intentionally evaded personal service following service on his co-defendant, Mr. Eleby." ECF No. [6] at 3. The Government argued that service had been effectuated because the process server "read the contents of the summons, and le[ft] the summons and Complaint under the door" at Defendant Vito's residence after the process server "noted the presence of Mr. Vito's vehicle at the residence [and heard] a male voice inside." *Id.* The Clerk of Court subsequently entered a Clerk's Default against Defendants. ECF No. [7]. The Government thereafter filed its Motion for Default Judgment against Defendants. ECF No. [10]. On December 27, 2021, the Court granted the Government's Motion for Default Judgment and entered the Default Judgment of Permanent Injunction (the "Default Judgment"). ECF No. [12]. The Default Judgment noted that "Defendants were given proper notice of the action but failed to file an answer or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure." *Id.* at 1. Among other things, the Default Judgment

---

LLC without further notice or hearing on the matter." ECF No. [30] at 2. No counsel has appeared on behalf of Defendant Gerald Vito LLC. Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** as to Defendant Gerald Vito LLC given its failure to obtain counsel. Additionally, for the reasons sets forth below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** as to Defendant Vito.

enjoined Defendants, including Defendant Vito, from engaging in activity related to the filing of tax returns on behalf of others. *See id.* at 2.

## II. THE INSTANT MOTION

Defendant Vito moves for an order vacating or setting aside the Court's Default Judgment. ECF No. [13]. Defendant Vito argues that he "was traveling outside the United States when the process server attempted to serve [him] . . . ." *Id.* at 4; *see also id.* at 32–40. Defendant Vito contends that his travels are consistent with the process server's comments that "neighbors stated that no one has been seen in a while[.]" *Id.* (quoting ECF No. [6-2] at 1; ECF No. [6-3] at 1). According to Defendant Vito, "no one would be at the business because tax season ended and Vito was traveling to South Africa between June 17, 2021, and November 21, 2021." *Id.* Defendant Vito also argues that "the [Internal Revenue Service] knew that Vito was traveling outside the County . . . ." *Id.* Defendant Vito argues that the Default Judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b), which "states that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . . . (6) any other reason that justifies relief." *Id.* at 5 (citing Fed. R. Civ. P. 60(b)). Defendant Vito argues that the Default Judgment is void because of insufficient services of process, such that it should be vacated under Rule 60(b)(4). *Id.* Alternatively, Defendant Vito argues the default should be vacated pursuant to Federal Rule of Civil Procedure 55(c). *Id.* at 7. Defendant Vito contends the Default Judgment is "extremely prejudicial" and seeks to have the Default Judgment vacated so that "this matter [may be] fully adjudicated on the merits, which is favored over a Default Judgment enjoining Defendants from operating their business." *Id.* at 7–8.

3

In its Response, the Government sets forth various bases for denying the Motion to Vacate. *See* ECF No. [40].  First, the Government contends that "no new counsel has appeared to adopt and prosecute the [Motion to Vacate]" such that "the motion should be summarily denied as to Mr. Vito and Gerald Vito LLC." *Id.* at 7.  Second, the Government argues that the Motion to Vacate should be denied on the merits because service was properly effectuated as to Defendant Vito under Federal Rule of Civil Procedure 4(e)(2)(B) "by 'leaving a copy of [the summons and Complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.'"  *Id.* (quoting Fed. R. Civ. P. 4(e)(2)(B)).  Specifically, the Government argues that it effectuated "drop service" when an individual was at Defendant Vito's residence but refused to answer the door.  *Id.* at 8.  The Government notes that it has since learned that Defendant Vito's adult son was a co-resident and the only other individual with a key to the apartment, as confirmed at Defendant Vito's deposition.  *Id.*  Thus, according to the Government, even if Defendant Vito was in South Africa, "the evidence suggests that the summons and Complaint were left with Rufaro Vito, [Defendant Vito's son,] an individual of suitable age and discretion that resided there.  Although Rufaro Vito refused to open the door, the documents were 'left' with him, within the plain meaning of the rule[.]"  *Id.* (citing Fed. R. Civ. P. 4(e)(2)(B)). Third, the Government argues that even if "the specific requirements of Rule 4(e)(2)(B) were not met, the Court should still find that service was proper based on Mr. Vito's actual notice of the case[.]"  *Id.* at 9.  The Government argues that "both 'Florida and federal courts have held that actual notice of a complaint, coupled with good faith attempted service, may be sufficient to confer personal jurisdiction, especially when a defendant has acted to evade service of process.'"  *Id.* (quoting *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985)).  According to the Government, "after Mr. Eleby was personally served on June 26,

4

2021, it is reasonable to assume that Mr. Eleby informed Mr. Vito about this case" and "[i]t is also highly likely that Rufaro Vito informed his father about this case when the summons and Complaint were left with him." *Id.* at 10. The Government also notes that Defendant Vito testified in his deposition that he learned of the case likely in August 2021, which was more than four months before the Court entered final Default Judgment. *Id.* Finally, the Government argues that a finding that service was effectuated is an appropriate discovery sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(i). *Id.* at 10–11.

Defendant Vito did not file a reply.

### III.   ANALYSIS

As an initial matter, the Court notes that Defendant Vito moves for vacatur of the Default Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 55(c). However, Rule 55(c) applies only to vacating entries of default, not final default judgments. *Friedman v. Schiano*, No. 16-cv-81975, 2017 WL 11487874, at *3 (S.D. Fla. Nov. 14, 2017), *aff'd*, 777 F. App'x 324 (11th Cir. 2019) ("Rule 55(c) is the vehicle for vacating entries of default: the proper rule for vacating final default judgments is Rule 60(b)."). Because final Default Judgment has already been entered in this case, ECF No. [12], Defendant Vito may only seek to vacate the Default Judgment pursuant to Rule 60(b).

Pursuant to Federal Rule of Civil Procedure 60(b)(4), relief from a final judgment is required if a court finds the judgment void. *Friedman*, 2017 WL 11487874, at *2; *see also Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015) ("When evaluating a Rule 60(b)(4) motion, the district court possesses no discretion: the judgment is either void or it is not.") (citation and quotations omitted). "The burden of proof in a Rule 60(b)(4) motion rests with the defendant." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298–99 (11th Cir. 2003) (citing

5

*Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 154 (5th Cir.1974)).  In general, a judgment is void "under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Friedman*, 2017 WL 11487874, at *3.  This includes instances "where service of process is insufficient[.]" *Id.*; *see also In re Worldwide Web*, 328 F.3d at 1299 ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").

Where a plaintiff establishes valid service of process, the burden then shifts to the defendant "to establish by clear and convincing evidence" that service was not effectuated properly.  *See Friedman*, 2017 WL 11487874, at *5.  Here, the Court already found that Defendants were given proper notice of this action, ECF No. [12] at 1, and Defendant Vito fails to demonstrate by clear and convincing evidence that service was not effectuated.  Even taking Defendant Vito's representation as true that he was out of the country at the time of service, he has failed to set forth any challenge that his adult son was not the individual in his residence at the time of service, and because his son is an adult, such service is sufficient under Rule 4(e)(2)(B).  Defendant Vito has failed to meet his burden to show that the Default Judgment is void under Rule 60(b)(4).

### IV.    CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that as to Defendant Vito and Defendant Gerald Vito LLC, the Motion to Vacate, ECF No. [13], be **DENIED**.

### V.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file

objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE